SION P. STEED, plaintiff in error, *vs.* BERRY H. LOVELESS *et al.,* defendants in error.

Where A, in January, 1864, borrowed Confederate money, to be returned in a short time, and after the passage by the Confederate congress of the law for bonding the currency, to-wit: in February or March, ten-

Steed *vs.* Loveless *et al.*

dered the money, and on the lender's refusing to receive it, announced to him that "he must get it by law :"

*Held*, that the borrower cannot, after this, set up that he subsequently bonded the money, and it was lost to him by this refusal to receive it. He is still liable for its value.

Debtor and creditor.    Tender.    Before Judge BUCHANAN. Campbell Superior Court.    February Term, 1874.

Sion P. Steed brought complaint against John Terry on the following note :

"$2,000 00.    One day after date I promise to pay Sion P. Steed or bearer, twenty hundred dollars, cash borrowed.    January 19th, 1864.          (Signed)

"JOHN TERRY."

The defendant pleaded the general issue, Confederate money consideration and tender.

Pending the litigation the following order was passed :

"The defendant having died since said suit was commenced, and there being no administration upon his estate, and Robertson W. Terry and Berry H. Loveless, two of the heirs-at-law of the deceased, who have appropriated a part of his property to their use, are willing to be made parties defendant to said case in lieu of deceased : It is, therefore, ordered that said Robertson W. Terry and Berry H. Loveless be made parties defendant to said case in lieu of the deceased, and be bound by the judgment as if originally sued as administrators of the deceased."

The evidence disclosed the following facts : The note was given for Confederate money.    In the last of February or first of March after its date, Terry, by agent, tendered to the plaintiff, in Confederate money, the amount due.    Plaintiff said he would take it if offered in five dollar bills.    Terry's agent replied that he had fives, tens and twenties.    Plaintiff then stated that if he had $1,000 00 in five dollar bills, he would accept it; that the money belonged to orphan children, and he would have to bond it, which he was unwilling to do.

This occurred on Saturday. Terry's agent reported to his principal what had occurred. On the following Monday Terry collected together $1,000 00 in five dollar bills, and on the next day tendered the amount due to plaintiff. He again refused to accept it, saying it was troublesome and expensive to bond it. Terry offered to bond it for him. He refused this. Terry then told him he must get his money by law. A few days thereafter, Terry bonded the money and received a certificate therefor. It was not bonded for plaintiff. The money was never worth anything to Terry.

The court charged the jury, "that the offer of Confederate money in payment of a debt was not a legal tender, unless the intention of the parties to the contract was to pay in that currency. That if the defendant failed to keep the money for the plaintiff, or to deposit it where he could get it, and funded or bonded the same for his own use and benefit, and it was lost, the loss cannot be attributed to the act of the plaintiff."

The jury found for the defendants. The plaintiff moved for a new trial, because the verdict was contrary to the evidence and the charge of the court. The motion was overruled, and the plaintiff excepted.

This case was tried before Judge Underwood. The motion for a new trial was heard by Judge Buchanan.

W. A. TURNER; J. S. BIGBY, for plaintiff in error.

No appearance for defendants.

McCAY, Judge.

If the defendants had any equity arising from this tender of the Confederate money, and the subsequent loss of it, it is clear to us that they lost it by the announcement to the plaintiff, after he had refused to receive it, that he must get his money now by going to law for it. When a debt was, as this was from the nature of it, payable in Confederate money, and that money was tendered and refused, and the party tendering kept the money always ready for the creditor until it was lost,

I can see some equity in his favor. But in this case the debtor gave to the creditor distinct and emphatic notice that he would not keep it for him; that he would appropriate it to his own purposes. That is the inevitable conclusion, from his declaration, that the law alone should be the plaintiff's redress.

Much might be said against any equity arising from this tender. A very heavy blow to the currency in circulation was given by the tax act after this money was borrowed, and before it was tendered, and was a hard case on the plaintiff to insist on his taking the money at the time, and we are not clear that the bonding of it by the defendant in his own name was not an appropriation of it to his own use. There could arise no equity in favor of the defendants if this money had been used by the defendant, so as that he got the value of it. The equity arises, when it does arise, from the *damage* coming to him by the refusal to take the money. We put our judgment in this case, however, on the waiver and withdrawal of the tender by the declaration that the plaintiff must get his money by law.

Judgment reversed.